UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re<br>Latex Foam International, LLC, et al.<br>    Debtors<br><br>Official Committee of Unsecured Creditors of Latex Foam International, LLC, et al.,<br>Appellant<br>    v.<br>Entrepreneur Growth Capital,<br>Appellee | :<br>:<br>:  District Court No.: 3:20-cv-1200 (VLBB)<br>:<br>:  Bankruptcy Court No.: 19-51064 (JAM)<br>:<br>:<br>:<br>:  September 1, 2021<br>:<br>:<br>: |

## **MEMORANDUM OF DECISION REMANDING CASE FOR ARTICULATION**

**Before the Court is Appellant, the Official Committee of Unsecured Creditors of Latex Foam International, LLC's ("the Committee"), appeal from a bankruptcy court order in the Chapter 11 bankruptcy case for Latex Foam International, LLC, et al. ("Debtors") granting Entrepreneur Growth Capital, LLC's ("EGC") motion for payment of secured claim and fee applications. [ECF No.[1] 670]. The Committee is specifically appealing the bankruptcy court's decision to award EGC default interest in the amount of $250,498.56.**

**On appeal, the Committee argues that (1) the bankruptcy court erred in finding an event of default justifying an award of default interest and (2) the bankruptcy court erred in affording default interest at the rate provided for under the loan because the unsecured creditors were not paid in full for the claims and other equitable considerations.**

---

[1] When citing to the bankruptcy court docket entries, the Court will used "ECF No." and then the docket entry number of the cited to document.

**The bankruptcy court did not render a written or oral decision articulating the legal principles relied on, nor its factual finding in granting EGC's motion. Though the parties have fully briefed the issues, the Court is unable to ascertain whether the bankruptcy court abused its discretion because the Court cannot determine what legal or factual bases the bankruptcy court relied upon in reaching its decision.  *See Zervos v. Version New York, Inc.* 252 F.3d 163, 169 (2d Cir. 2001) (an abuse of discretion can be found when the lower court's decision rests on an error of law or a clearly erroneous factual finding or its decision cannot be located within the range of permissible decisions).  The bankruptcy court's colloquy during the motion hearing does not include an articulation of the legal or factual basis of the decision.  The bankruptcy court made this clear when it said "I still would like to go back and review [the issues] again based upon the arguments that were made during this hearing."  [Dkt. 12 at 67].  It would be unfair for this Court to infer the bankruptcy court's legal principle and findings of fact based on the questions asked and statements made at the motion hearing.**

**Therefore, the Court remands this issue to the bankruptcy court to articulate what legal principles applied and factual findings made in reaching its decision affording default interest.**

**IT IS SO ORDERED.**

 /s/
 Hon. Vanessa L. Bryant
 United States District Judge

**Dated this day in Hartford, Connecticut: September 1, 2021**